IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARLAND VANDERBILT,                                                                 PLAINTIFF
ADC # 137333

v.                                    4:22CV01108-BRW-JTK

ARKANSAS DEPARTMENT OF
CORRECTIONS                                                                         DEFENDANT

**ORDER**

Garland Vanderbilt ("Plaintiff"), in custody at the Pine Bluff Unit of the Arkansas Division of Correction, filed a Complaint alleging violations of his constitutional rights. (Doc. No. 1). Plaintiff paid the $402 filing fee for this action. (Doc. No. 5). The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee, regardless of fee status. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).

After reviewing Plaintiff's claims, the Court finds that Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted. Plaintiff will be given the chance to file an Amended Complaint if he wishes to do so.

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Plaintiff's Complaint

Plaintiff "ma[d]e [his] petition of complaint . . . against the Arkansas Department of Corrections." (Doc. No. 1 at 1). Plaintiff says that a Corporal Tate acted unprofessionally. (Id. at 2). Specifically, Plaintiff alleges Corporal Tate retaliated against Plaintiff for Plaintiff writing a statement against Corporal Tate regarding an incident in 9C in which Corporal Tate abused an inmate. (Id. at 2, 5). Plaintiff asserts that Corporal Tate seeks revenge against all inmates who wrote witness statements against him. (Id. at 2-3). Plaintiff alleges "neither Administrative Director" investigated claims that Plaintiff set out in grievances. (Id. at 1). Liberally construing Plaintiff's Complaint, he also alleges failure to supervise. (Id. at 2-3). Plaintiff seeks "reprieve . . . from the oppressive supervision of" Corporal Tate. (Doc. No. 1 at 3).

**III.    Discussion**

For the reasons set out below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.   Plaintiff will be given the chance to submit an Amended Complaint to cure the deficiencies, if he wishes to do so.

**A.    Arkansas Department of Corrections**

Plaintiff brought his complaints against the Arkansas Department of Corrections. Plaintiff's claims fall under 42 U.S.C. § 1983.   Plaintiff's Complaint fails because the Arkansas Department of Corrections is not a "person" subject to suit under 42 U.S.C. § 1983.   Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 464 (8th Cir. 1992) (state departments not "persons" under § 1983).

**B.    Plaintiff May Not Represent the Claims of Others**

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."   Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).   See also 42 U.S.C. § 1983 (establishing liability "to the party injured).   To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff generally lacks standing to bring that claim.   Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit.   Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405,

3

1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

In Plaintiff's Complaint, he refers to Corporal Tate's abusive behavior towards other inmates and prison staff. To the extent Plaintiff seeks to bring claims on behalf of others, he may not do so.

### C.    Personal Capacity Claims

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1.    Failure to Investigate Grievances

Because the "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.... it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D. Mo. 2009). Further, there is no precedent that establishes that an inmate has a federal right to an internal prison investigation. See Gatlin ex rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1093 (8th

Cir. 2004). And, "the mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff alleged that "neither administrative director" thoroughly investigated Plaintiff's allegations against Corporal Tate, including allegations in grievances. (Doc. No. 1 at 1-2). This allegation, however, fails to state a claim on which relief may be granted.

### 2. Retaliation

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (internal citation omitted). Establishing retaliatory animus is crucial to a plaintiff's retaliation claim. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in Rienholtz v. Campbell, "an inmate cannot immunize himself . . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." Id.

Plaintiff alleges Corporal Tate retaliated against Plaintiff. It is unclear if Plaintiff wishes to sue Corporal Tate in this action, or whether Plaintiff included his allegations as background for the failure to investigate and failure to supervise claims he brings.

### 3. Corrective Inaction

Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

Plaintiff alleges the shift supervisor "continues to assign Cprl. Tate to 9 Barracks post," but Plaintiff does not identify the supervisor, explain how the supervisor was personally involved in any alleged violation of Plaintiff's rights, or otherwise explain his corrective inaction claim.

## IV. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed for the reasons set out above.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**V.     Conclusion**

IT IS, THEREFORE, ORDERED that:

1.     If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed for the reasons explained above.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.     The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 20th day of January, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE