**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **GARLAND VANDERBILT,** ADC # 137333 | **PLAINTIFF** |
| v.    4:22CV01108-BRW-JTK | |
| **ARKANSAS DEPARTMENT OF CORRECTIONS, et al.** | **DEFENDANTS** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.     Introduction**

Plaintiff sued the Arkansas Department of Corrections and multiple ADC officials under 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Only Plaintiff's retaliation claims against Defendant Kentarious Tate remain pending.  (Doc. Nos. 2, 10, 13).

Defendant Tate filed a Motion for Summary Judgment on the merits of Plaintiff's claims, along with a Brief in Support and Statement of Facts.  (Doc. Nos. 36-38, 42).  On February 2, 2024, the Court directed Plaintiff to respond to Defendant Tat's Motion within thirty (30) days, or by March 4, 2024.  (Doc. No. 40).  The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute.  (Id.)

Plaintiff filed a Response on February 20, 2024. (Doc. No. 43). In his Response, Plaintiff pointed out that Defendant Tate's Motion for Summary Judgment incorrectly identified Plaintiff as Aaron Dillard. (Doc. No. 43; Doc. No. 36 at ¶ 1). On the same day Defendant Tate filed his Motion, however, Defendant Tate filed a corrected Motion that reflects Plaintiff's correct name. (Doc. No. 36-5 at ¶ 1). Due to the error in his name, Plaintiff asked for additional time in which to respond to Defendant Tate's Motion. (Doc. No. 43). The Court granted Plaintiff's request and extended the deadline for Plaintiff's response up to and including March 13, 2024. (Doc. No. 44). To date, Plaintiff has not filed any additional Response.

For the reasons set out below, the Court recommends that Defendant Tate's Motion be granted and Plaintiff's claims against Defendant Tate be dismissed with prejudice.

## II.    Plaintiff's Complaint

Plaintiff's statement of claim reads:

> As seen in detailed fashion throughout my exhausted grievance process of (A.D.C./Pine Bluff Unit), that on 9/26/2022 a Corporal Tate whispered an intimidating statement to me while being pat-searched. And then when I approached Cprl. Tate of what he meant by saying, 'Yeah, you getting pat down by me, but you ain't saying s**t!' And when I asked Cprl. Tate, he then began to double-down re-enforcing his statement by also saying, 'Yeah, you wrote that statement on me about that incident in 9C!' And that's when I began my grievance process. During my grievance process Lt. Miller (Shift Supervisor) continued to assign Cprl. Tate to work on 9c post in which constantly made me a target for Cprl. Tate to accessibly harass at will, in which made me fear for my safety/security being left under Cprl. Tat's unbridled supervision. Pine Bluff Unit Chief of Security, Major Mary Cobbs, is negligent in failing to adhere to the security/safety of me as an inmate during Cprl. Tate's whole grievance investigation. And with Warden Superintendent Joe Page affirming the handling of the whole matter throughout my grievance process only further enhances the culpable negligence of the breach of my safety/security. Therefore I . . . seek monetary damages on grounds of pain/suffering and mental anguish.
>
> And also not withholding that ultimately (Chief Deputy Director) Marshall D. Reed failed to thoroughly and meticulously see fit that this complaint is investigated honestly, properly and safely on behalf of me an (A.D.C.) inmate.

(Doc. No. 7 at 4-5). (See also Doc. No. 8 adding Kentarious Tate as a Defendant).

Plaintiff seeks damages. (Doc. No. 7 at 6).

### III.     Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

IV.     Discussion

Plaintiff sued Defendant Tate in his personal and official capacities alleging retaliation.

A.      **Official Capacity Damages Claims**

Plaintiff's official capacity damages claims against Defendant Tate were dismissed on March 20, 2023 for failure to state a claim on which relief may be granted.  (Doc. Nos. 10, 13).

B.      **Personal Capacity Claims**

Plaintiff sued Defendants under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity."  Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013)  (internal citation omitted); De Rossitte v. Correct Care Solutions, LLC, 22 F.4th 796, 804 (8th Cir. 2022).

1.      **Qualified Immunity**

Defendant Tate asks the Court to dismiss Plaintiff's claims against him in his individual capacities based on qualified immunity.  (Doc. No. 38 at 4).  Qualified immunity shields a government official from liability when his conduct does not violate "clearly established statutory

4

or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009). "'A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Thurmond v. Andrews, 972 F.3d 1007, 1012 (8th Cir. 2020) (internal citation omitted). In considering whether a right is clearly established, courts do not look at precedent "at a high level of generality." Id. Instead, courts "look for a controlling case or a robust consensus of cases of persuasive authority. There need not be a prior case directly on point, but 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Id. (internal citation omitted). A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions—whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right and whether that right was so clearly established that a reasonable official would have known that his

or her actions were unlawful—in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009). [1]

### 2. Material Facts Not in Dispute

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendant Tate's Motion. Plaintiff has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendant Tate (Doc. No. 37) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

Plaintiff claims that the disciplinary proceeding in which Defendant Tate maced another inmate took place in barracks 9C. (Doc. No. 37 at ¶ 6). Plaintiff does not recall the date the incident happened, but says it took place the same week of September 26, 2022. (Id. at ¶ 7). Plaintiff also says that on September 26, 2022, while Defendant Tate was conducting a pat-search on Plaintiff, Defendant Tate whispered to Plaintiff "yeah, you're getting patted down by me but you ain't saying shit." (Id. at ¶ 8). Plaintiff admits he did not understand what Defendant Tate said during the pat search. (Id. at ¶ 7).

Later in the morning of September 26, 2022, Plaintiff confronted Defendant Tate asking to know what Defendant Tate said to him earlier during utility squad. (Id. at ¶ 10). Plaintiff alleges Defendant Tate responded, "yeah, you know, ask him" (pointing to another inmate who was walking nearby and who Plaintiff says provided a written statement about the incident in 9C, as well.) (Id. at ¶ 13). Plaintiff told Defendant Tate, "no, I'm asking you." (Doc. No. 37 at ¶ 14). In response, Defendant Tate said "you wrote that statement on me about that incident in

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

9C." (Id.).  On that same day, Plaintiff filed a grievance against Defendant Tate, but had never filed a grievance against Defendant Tate before September 26, 2022.  (Id. at ¶¶ 15, 17).  Plaintiff admitted that he is not apprehensive about filing grievances or lawsuits and that his encounter with Defendant Tate did not stop him from exercising those rights.  (Id. at ¶ 20).

### 4. Alleged Statements Insufficient for Chilling Effect

Plaintiff has come forward with no evidence of any additional statements or acts by Defendant Tate that Plaintiff maintains are retaliatory.  The alleged retaliation, then, consists of these three statements by Defendant Tate: "yeah, you're getting patted down by me but you ain't saying shit"; "yeah, you know, ask him"; and "you wrote that statement on me about that incident in 9C."  A plaintiff alleging retaliation must establish that the defendant's adverse action would chill a reasonable person of ordinary firmness from taking part in the protected act—here, the filing of grievances.  The Court notes that Plaintiff himself was not deterred by Defendant Tate's statements from filing lawsuits or grievances.  Further, there was no threat by Defendant Tate and there was no action by Defendant Tate that would indicate any negative consequence for Plaintiff if he filed another grievance.  And there have been no negative consequences—Plaintiff confirmed that during his deposition.  Notably, Plaintiff is not even sure if Defendant Tate said the harshest of the remarks –"yeah, you're getting patted down by me but you ain't saying shit."

Plaintiff has not met proof with proof to establish facts in dispute that would preclude summary judgment in Defendant Tate's favor.  Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).  Based on the undisputed facts and viewing the evidence in the light most favorable to Plaintiff, no reasonable jury could find that

Defendant Tate's statements would chill a reasonable person of ordinary firmness from filing grievances. Accordingly, Defendant Tate's Motion should be granted.

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Tate's Motion for Summary Judgment (Doc. No. 36) be GRANTED;

2. Plaintiff's claims against Defendant Tate be DISMISSED with prejudice; and

3. This case be DISMISSED.

Dated this 14th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE